** PART I **
THE ATTORNEY GENERAL
HAS RECEIVED YOUR REQUEST FOR AN OPINI ON, WHICH ADDRESSES THE FOLLOWING QUESTIONS: QUESTION 1 — DOES AN EMPLOY EE WHO HAS BEEN INVESTIGATED BY THE INTERNAL AFFAIRS UNIT OF A STATE AGENCY HAVE THE RIGHT OF ACCESS TO THE INTERNAL INVESTIGATION REPORTS PRIOR TO ADVERSE PERSONNEL ACTION OCCURRING OR CRIMINAL CHARGES BEING FILED? QU ESTION 2 — DOES AN EMPLOYEE HAVE THE RIGHT OF ACCESS TO THE INTERNAL AFFAIRS INVESTIGATION REPORTS AT OR DURING THE EMPLOYEE'S PRE-TERMINATION HEARING? QUESTION 3 — DOES AN EMPLOYEE HAVE THE RIGHT OF ACCESS TO THE INTE RNAL INVESTIGATION REPORTS WHETHER HIS CASE IS CURRENT OR HAS BEEN CLOSED? QUESTION 4 — DOES A STAFF DEVELOPMENT UNIT OR DIVISION HAVE A LEGAL RI GHT TO USE INVESTIGATION OR INTERNAL AFFAIRS REPORTS FOR TRAINING PURPOSES? QUESTION 5 — WHO HAS THE RIGHT OF ACCESS TO COPIES OF INVESTIGATION O R INTERNAL AFFAIRS REPORTS OTHER THAN THE DIRECTOR OF THE STATE AGENCY OR THE UNIT OR DIVISION ADMINISTRATION? IS THERE A LEGAL PROCESS TO OBTAI N COPIES OF INVESTIGATION OR INTERNAL AFFAIRS REPORTS FOR ANY TYPE OF STATE AGENCY PERSONNEL HEARING? IS THERE A LEGAL PROCESS TO OBTAIN COPIES OF INVESTIGATION OR INTERNAL AFFAIRS REPORTS IF THERE IS NO SUCH HEARING? QUESTION 6 — IS IT LEGAL FOR A MERIT HEARING OFFICER TO GIVE COPIES OF THE INVESTIGATION OR INTERNAL AFFAIRS REPORTS TO THE EMPLOYEE WITHOUT LEGAL PROCESS BEING INITIATED BY THE EMPLOYEE OR THE COUNSEL OF THE EMPLOYEE? BECAUSE OF THE FACTUAL NATURE OF YOUR QUESTIONS WE ARE RESPONDING TO YOU R REQUEST WITH AN INFORMAL OPINION. THE LEGAL VIEWS ARE SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DO NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. IN ORDER TO ANSWER YOUR QUESTIONS ON E THROUGH SEVEN, I MUST ASSUME THAT AN INVESTIGATION, A DISCIPLINARY ACTION (SUSPENSION, TERMINATION, ETC.) AND/OR HEARING ON A CLASSIFIED EMPLOYEE HAS BEEN INITIATED PURSUANT TO THE OKLAHOMA PERSONNEL ACT (TITLE 74 O.S. 840.1 (1990) ET. SEQ.), AND/OR THE HEARING PROCESS HAS REACHED THE STAGE THAT IT HAS BEEN ASSIGNED TO A MERIT HEARING OFFICER/ADMINISTRATIVE LAW JUDGE, OR THE INITIAL ACTION IS IN THE PRE-INVESTIGATORY STAGES FOR DETERMINING WHETHER ACTION WILL OR WILL NOT BE TAKEN AGAINST A CLASSIFIED EMPLOYEE BY AN AGENCY. ALSO, SINCE INQUIRY INTO A CRIMINAL INVESTIGATION MAY INCLUDE LAW ENFORCEMENT, I WILL NOT COVER THAT AREA BECAUSE AS A GENERAL RULE, POLICE INVESTIGATIONS AND REPORTS ARE "WORK PRODUCT" AND NOT AVAILABLE TO THE ACCUSED UNLESS EXCULPATORY MATTERS HAVE BEEN LISTED IN THE REPORTS AND AN EMPLOYEE CAN OBTAIN THAT INFORMATION FROM THE DISTRICT ATTORNEY/CRIMINAL COURT PROCESS AFTER CHARGES HAVE BEEN FORMALLY FILED. SEE, ALLEN V. STATE. 803 P.2D 1164 (OKL.CR.1990); BRADY V. MARYLAND,373 U.S. 83, 83 S.CT. 1194, 10 L.ED.2D 215 (1963) AND 51 O.S. 24A.8 (1990) FOR OTHER TYPES OF DATA THAT AN EMPLOYEE OR ANYONE CAN OBTAIN FROM A LAW ENFORCEMENT AGENCY). ALSO, THESE ANSWERS DO NOT COVER OTHER AREAS INVOLVING SPECIFIC PROCEDURES THAT MAY BE SET UP IN DIFFERENT AGENCIES AS ALL AGENCIES APPEAR TO HAVE WIDE LATITUDE IN DEVELOPING INTERNAL RULES AND PROCEDURES. THE ANSWERS TO YOUR QUESTIONS ARE BASED PRIMARILY UPON CUMULATIVE INFORMATION FROM THE OKLAHOMA PERSONNEL ACT, MERIT PROTECTION RULES, PRETERMINATION GUIDELINES AND APPLICABLE CASE LAW AND WILL NOT COVER ASPECTS OF PROCEEDINGS IN A STATE DISTRICT COURT. THE OPEN RECORDS ACT DEFINES CERTAI N AREAS FOR AGENCY IMPLEMENTED GUIDELINES AND MERIT PROTECTION RULES, BUT THE MERIT PROTECTION COMMISSION DOES NOT HAVE JURISDICTION OVER OPEN RECORDS ACT VIOLATIONS AND ONE WOULD HAVE TO RESORT TO CIVIL LITIGATION FOR REMEDIES OF VIOLATIONS OF THAT ACT (UNLESS CRIMINAL PROSECUTION IS SOUGHT BY THE DISTRICT ATTORNEY). SEE, TULSA TRIBUNE CO. V. OKLAHOMA HORSE RACING COMMISSION, 735 P.2D 548 (OKLA. 1986), AND 51 O.S. 24A.17(A) (B). T HE PURPOSE OF THE OKLAHOMA PERSONNEL ACT, AS SET FORTH IN 74 O.S. 840.2 (1990), IS TO PROTECT CLASSIFIED EMPLOYEES FROM THE IMPROPER EXERCISE OF AUTHORITY BY PUBLIC OFFICIALS. THIS EXCLUDES UNCLASSIFIED EMPLOYEES (SEE 74 O.S. 840.8 (1990) FOR A LISTING OF THE UNCLASSIFIED SERVICE) EXCEPT FOR DETERMINING SICK LEAVE AND ANNUAL LEAVE ACCRUALS. THE GOVERNOR MAY ISSUE AN EXECUTIVE ORDER PLACING AN AGENCY AND ITS EMPLOYEES UNDER CLASSIFIED STATUS, WITH A LISTING OF EXEMPT EMPLOYEES UNDER THE OKLAHOMA PERSONNEL ACT. SEE 74 O.S. 840.3/74 O.S. 840.7/74 O.S. 840.8/74 O.S. 840.8(B)/74 O.S. 840.9, AND 74 O.S. 840.10, RULE 6.1.1 OF THE MERIT SYSTEM OF PERSONNEL ADMINISTRATION RULES HEREINAFTER "MERIT RULES." ALSO, UNDER THE UNIFORM EMPLOYEE GRIEVANCE PROCEDURE, BEGINNING AT RULES 7.3, OF THE MERIT RULES, AN AGENCY MAY CONSIDER UNCLASSIFIED EMPLOYEES FOR THIS PROCEDURE ON A VOLUNTARY BASIS. RULE 7.3.6.4 OF THE MERIT RULES STATES THAT ACCESS TO GRIEVANCE RECORDS IS GOVERNED BY THE OKLAHOMA OPEN RECORDS ACT. THE RELEASE OF INVESTIGATORY REPORTS (REGARDLESS OF THE PARTICULAR STAGE OF PROCEEDINGS) HAS NOT BEEN ANSWERED OR ADDRESSED BY THE MERIT RULES, STATUTORY ENACTMENTS AND CASE LAW AND MAY APPARENTLY BE ADDRESSED DIFFERENTLY BY VARIOUS AGENCY RULES. HOWEVER, THE STATUTES, MERIT RULES AND CASES PROVIDE SOME PARAMETERS THAT ASSIST IN ANSWERING YOUR QUESTIONS. THE UNITED STATES SUPREME COURT HAS RULED RATHER DEFINITIVELY ON THE REQUIRED PROCEDURE TO TERMINATE A CLASSIFIED EMPLOYEE IN CLEVELAND BOARD OF EDUCATION V. LOUDERMILL, 470 U.S. 532, 105 S.CT.1487, 84 L.ED.2D 494 (1985). THE COURT RULED THAT A PUBLIC EMPLOYEE MAY HAVE A PROPERTY RIGHT OF CONSTITUTIONAL DIMENSION AND MUST BE ACCORDED CERTAIN "DUE PROCESS" WHEN THE EMPLOYING ENTITY IS ATTEMPTING TO TERMINATE HIM/HER. THE COURT WENT ON TO SAY THAT SUCH AN EMPLOYEE IS ENTITLED TO A PRETERMINATION HEARING AND POST TERMINATION PROCEEDINGS. THE COURT STATED THAT A PRETERMINATION HEARING NEED NOT BE ELABORATE BUT THE EMPLOYEE MUST BE PROVIDED: "1. ORAL OR WRITTEN N OTICE OF THE CHARGES AGAINST HIM; 2. AN EXPLANATION OF THE EMPLOYER'S EV IDENCE; AND 3. AN OPPORTUNITY TO BE HEARD." IT IS FAIRLY EVIDENT FROM T HIS RULING THAT OKLAHOMA LAW EITHER MEETS OR EXCEEDS THE MANDATED STANDARDS SET FORTH IN LOUDERMILL. BEFORE AN AGENCY MAY TAKE ACTION AGAINST AN EMPLOYEE, THE AGENCY MUST PROVIDE THE EMPLOYEE WITH A WRITTEN STATEMENT OF THE SPECIFIC ACTS OR OMISSIONS IN SUPPORT OF THE PROPOSED ACTION AGAINST THE PERMANENT CLASSIFIED EMPLOYEE, AN EXPLANATION OF THE AGENCY'S EVIDENCE, AND AN OPPORTUNITY TO PRESENT REASONS WHY THE PROPOSED ACTION IS IMPROPER. SEE, 74 O.S. 841.13(B) AND RULE 5.4B OF THE MERIT RULES. THE MERIT RULES AND OTHER STATUTORY AUTHORITY SPECIFY THE PROCEDURE FOR THE CONDUCT OF THESE HEARINGS. SEE, 74 O.S. 841.13(A) (1990), AND 74 O.S. 841.15 AND MERIT PROTECTION RULES 9.0 ET. SEQ. LOUDERMILL DOES NOT MANDATE VERBATIM DISCLOSURE OF AN AGENCY'S INVESTIGATORY REPORTS DURING THE INVESTIGATION STAGE OR DURING HEARING PROCEDURES. AT THE INVESTIGATORY STAGE OF THE P ROCEEDINGS AN AGENCY MAY ONLY BE EVALUATING A COMPLAINT AND MAY ULTIMATELY TAKE NO ACTION WHATSOEVER, THEREFORE, NOTHING WOULD BE USED AGAINST THE EMPLOYEE OR PUT IN HIS "OFFICIAL PERSONNEL FILE." IF, HOWEVER, MATERIALS ARE PUT IN THE EMPLOYEE'S "OFFICIAL PERSONNEL FILE," THEN HE/SHE WOULD OBVIOUSLY HAVE A RIGHT OF ACCESS TO ALL OF THOSE MATERIALS AS TITLE 51 O.S. 24A.7(C) PROVIDES: EXCEPT AS MAY OTHERWISE BE MADE CONFIDENTIAL BY A S TATUTE, AN EMPLOYEE OF A PUBLIC BODY SHALL HAVE A RIGHT TO ACCESS HIS OWN PERSONNEL FILE." THEREFORE, IT WOULD BE LOGICAL TO CONCLUDE THAT THE EM PLOYEE CAN OBTAIN THOSE MATERIALS FROM HIS "PERSONNEL FILE" UNLESS PRECLUDED BY A SPECIFIC STATUTE. FOR EXAMPLE, IN A CRIMINAL INVESTIGATION (IF BEING DONE BY LAW ENFORCEMENT AGENCIES), THE RESULTS MAY BE DIFFERENT IN THE DISCLOSURE OF INFORMATION IN INVESTIGATORY REPORTS. SEE, A.G. OPINION 86-039/86-069. THIS OPINION FOUND THAT A STATUTE PROHIBITED CERTAIN OSBI DISCLOSURES OF CRIMINAL MISCONDUCT DURING AN INVESTIGATION.